Opinion of the Court.
THIS was an action of covenant, brought by Miller against Bonta, upon his covenant, whereby he bound himself, for value received, to pay to Miller whatever *251 might appear just, and the value of any land that Green Clay might claim or have a right to contend for, by himself or any other person, of a certain tract in the covenant particularly described. A breach of the covenant is alleged in Clay’s having, at the date of the covenant, a claim to a part of the land in the covenant described, and a right to contend therefor, and in his having afterwards brought suit and recovered judgment of eviction against Miller. Judgment was taken by default, and a writ of inquiry awarded, on the execution of which, Bonta moved the court to instrust the jury, that the price given for the land, with interest from the time of its payment, was the criterion of damages ; but the court refused to instruct the jury, as asked by Bonta, and at the instance of Miller, instructed them that the value of the land in 1804, the date of the covenant sued on, and interest on the same, was the criterion of damages; to which Bonta excepted. A verdict and final judgment were thereupon rendered against Bonta, to which he prosecutes this writ of error with supersedeas.
Statement of the case,
Various errors are assigned, but except that which questions the correctness of the decision of the circuit court in relation to the criterion of damages they have all been released by Bonta, and need not be noticed ; and with respect to the criterion of damages, the correctness of the decision of the circuit court can hardly, we think, admit of a doubt. The value of the land at the date of the contract, even in cases of warranty, where there is no express stipulation as to the measure of damages, is held to be the true criterion ; and much more ought it to be held to be the criterion, in a case like the present, where the parties have expressly stipulated that it shall be so. The price agreed on by the parties, was, in this case, as it would be in cases of general; warranty, evidence of the value; but it is the value itself, and not that which is but evidence of the value, which constitutes the criterion; and the court were not asked to decide whether the price given was evidence of the criterion of damages, but whether it was itself the criterion.
The court, therefore, decided correctly, and the judgment must be affirmed with costs and damages.